## HANNAH HOCH v. ALBERT R. BASS ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 3, 1890—Decided, March 17, 1890

(a) In a lease of an ochre mine, the lessees covenanted to mine certain quantities of ore per annum, to pay certain royalties therefor, and that " if any of the covenants above-mentioned should not be complied with

for the term of three months, then the above lease to be null and void: "
1. The lessees being still in possession after a failure to pay the royalties for the period provided, the lessor had an adequate remedy at law, in assumpsit for the arrears, or in ejectment for the land, and could not maintain a bill in equity to enforce a forfeiture of the lease.

Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.
No. 142 July Term 1889, Sup. Ct.; court below, No. 471 Equity D. 1889, C. P.

On March 8, 1889, Hannah Hoch filed a bill in equity against Albert R. Bass, Henry Weiler, J. Shannon, Samuel Long and Nicholas Long, trading as the Franklin Paint and Ochre Company, the material averments and the prayers thereof being as follows :

" 2. That on the twenty-first day of October, A. D. 1884, your said orator, Hannah Hoch, and the said Albert R. Bass entered into certain articles of agreement, called a lease, for the mining of clay or ochre on the lands of your orator, in Richmond township, county aforesaid, under their respective hands and seals, recorded October 19, 1885, . . . . . a copy of which is hereunto attached and made part of this bill, under which said articles of agreement the said Albert R. Bass went upon said premises and commenced operations.

" 3. That in and by said lease, the said Albert R. Bass for himself, his heirs, successors and assigns, covenanted to pay the said Hannah Hoch, her heirs and assigns, for every ton of 2240 pounds in weight of clay or ochre taken from the said premises, the price of twenty-five cents of lawful money, . . . . payable quarterly, . . . . payment for the first quarter to be made on the first day of February, A. D. 1885, and then regularly every three months after that date. And the said Albert R. Bass for himself, his heirs, successors and assigns, did agree to take away each and every year during the term of their lease, not less than 500 tons of said clay or ochre, or to pay for the same at the end of each and every year, in default of which the said lease is to be null and void. It was also covenanted in said lease that if the said party of the second part, their heirs, successors and assigns, during any previous year or years, have

taken away more than 500 tons of clay or ochre, they shall not pay more tons of clay or ochre than they have taken away during any year, unless the aggregate number of tons amount to less than 500 tons per year. It is further agreed, that if any of the covenants above mentioned should not be complied with for the term of three months, then the above lease to be null and void.

"4. That your orator avers that the said Albert R. Bass made payment for the first quarter as in said lease provided, but utterly neglected and refused to make any payment for any succeeding quarter, though the said Albert R. Bass in the month of November, 1885, mined and shipped 49,790 pounds of ochre, the royalty for which was payable on the first day of February, 1886; yet the said Albert R. Bass, nor the said company, nor any one in their behalf, have paid the same, but have persisted and neglected to pay the said royalty for the term of three months and upwards after said mining and shipping, and after said first day of February, 1886, whereby the lease became null and void.

"5. That, notwithstanding that by violation of the stipulation of said lease the said lease became null and void, of all of which the said Albert R. Bass had notice, the said Albert R. Bass and his agents or assigns, the said Henry Weiler, J. Shannon,'Samuel Long and Nicholas Long and others, to your orator unknown, still persist in going upon said premises with men, horses and wagons, and are mining and taking away daily large quantities of clay or ochre, to the great and irreparable damage of your orator, and the ruin and destruction of the said premises, and threaten to continue in so doing against the wishes and remonstrances of your said orator.

"Wherefore your orator needs equitable relief, and prays : 1. Full and explicit answers to your orator's bill.  2. That the said defendants, their and each of their representatives, agents, servants and employees be restrained by injunction preliminary until final hearing, thereafter to be made perpetual, from in any way entering upon any of said premises· and mining, digging, taking and carrying away any clay or ochre from said premises."

A copy of the articles of agreement, or lease, dated October 21, 1884, marked exhibit A, was attached to the bill.  Its

Opinion of the Court.

terms and conditions sufficiently appear in the report of a former case between the same parties: Hoch v. Bass, 126 Pa. 13.

On March 9, 1889, a preliminary injunction issued having been served, the defendants appeared, moved to dissolve the injunction, and filed a demurrer to the bill, showing, inter alia, the following grounds:

1. The said plaintiff has a complete remedy at law for the injury alleged in the bill.

2. The plaintiff has not in and by her said bill made or stated such a case as entitles her in a court of equity to the relief for which she prays.

The defendants' motion and demurrer having been argued, on June 17, 1889, the court, HAGENMAN, P. J., being of the opinion that the plaintiff's bill presented no equity entitling her to an injunction, and that it was apparent that she could have an effectual and complete remedy in a court of law, entered a decree dissolving the preliminary injunction and dismissing the plaintiff's bill with costs. Thereupon the plaintiff took this appeal, assigning the said decree as error.

*Mr. C. H. Ruhl* (with him *Mr. Daniel Ermentrout*), for the appellant.

Counsel cited: Wills v. Manuf. N. Gas Co., 130 Pa. 222; Leininger's App., 106 Pa. 405.

*Mr. D. N. Schaeffer* (with him *Mr. Henry C. G. Reber*), for the appellee.

Counsel cited: (1) Brown's App., 62 Pa. 17; Minnig's App., 82 Pa. 376; Leininger's App., 106 Pa. 398. (2) High on Injunctions, § 30; Clark's App., 62 Pa. 450; Oil Creek Railroad Co. v. Railroad Co., 57 Pa. 72; Livingston v. Tompkins, 4 Johns. Ch. 415; Steedman v. Cooke, 13 S. & R. 172; Funk v. Haldeman, 53 Pa. 249; Westmoreland, etc. N. Gas. Co. v. DeWitt, 130 Pa. 235; Gloninger v. Hazard, 42 Pa. 401; Koch's App., 93 Pa. 434; Passyunk B. Ass'n's App., 83 Pa. 441; Pittsb. etc. R. Co.'s App., 99 Pa. 177; Tillmes v. Marsh, 67 Pa. 507.

PER CURIAM:

The learned court below sustained the demurrer and dis-

Syllabus.

missed the bill, for the reason that the plaintiff had a complete remedy at law, and had not exhibited any grounds for equitable relief. In this we think he was right. She can recover her arrears of royalty, if any, by action of assumpsit; and, if possession of the premises is desired, and the defendants have forfeited their rights thereto, an action of ejectment is the appropriate remedy. She can pursue her legal remedies without depriving the defendants of their right of trial by jury.

Decree affirmed, and appeal dismissed, at the costs of the appellants.